May it please the court, the appellant would like to reserve two minutes for rebuttal. I'm John Murray from the Law Firm of Murray & Murray. With me is my co-counsel Leslie Murray and also from Advocates for Basic Legal Equality Mark Heller and Eugenio Mollo. This is an appeal from a dismissal of plaintiff's claims of violations of the United States Constitution by the United States Border Patrol agents. The trial court's sole basis for dismissing the plaintiff's claims is that the United States is immune from liability and therefore there is no subject matter jurisdiction. The trial court decision expands governmental immunity and contracts the Section 5 U.S.C. 702 waiver of immunity beyond anything we have seen in U.S. jurisprudence to date. The standard of review of this matter is de novo and in summary, our errors, the errors that we accuse the trial court, the district court of committing are number one, that it applied 5 U.S.C. 704 standards to a constitutional violation. Did the judge say that he wasn't going to consider 702 because you waived the assertion of jurisdiction on that basis? The trial court, the district court did not say that, Your Honor, and we, the government made that accusation here in the Court of Appeals. We clearly argued that a constitutional violation at pages 7, 8, 9, 12, and 13 of our brief, a constitutional violation is separate and apart from other agency action that is subject to 704 review. I'm asking about the judge. Did the judge consider 702? The judge went right on to a 704 analysis, which we also, is our second assignment of error, that we would qualify under 704. But no, I don't believe the trial court did appreciate the fact that under the Gandhi decision and that 702 is far more expansive than agency action alone. And Judge Greer acknowledged that this circuit ruled that in Gandhi and Judge Greer in Kraftser v. Davenport also indicated that section 702 is significantly broader than simply attacking agency action. But we specifically said at page 8 of our brief opposing summary judgment that any action that constitutes a sanction, any action is waived if we're seeking injunctive relief. I'm a little bit confused about that because in the judge's memorandum of opinion, he addresses in the very first section of his discussion the fact that section 702 applies in cases brought under the APA and under other federal statutes. Says it in the opinion. Just looks to me like all parties just assume that. So I'm a little bit confused about why the case went where it did from that point. Well, I think, Your Honor, what occurred was the trial court made a decision that he was going to apply 702 and 704. And we believe that we made it clear that an agency action that constitutes sanction, and he correctly did a sanction analysis and determined that the detention and stopping and interrogating of someone is a sanction. And then when he went on to a 704 analysis, our position is that one, a 704 analysis was not necessary. Two, as it was done, was incorrect because the remedies are not adequate. Well, I'm aware of a fair amount of case law that supports your position concerning the applicability of 704 in this situation. Is there authority contrary to your position, and how do you deal with that? I don't think there is, Your Honor. I believe that on the waiver issue, local 6389, I believe it is, indicates that if you don't raise it in the trial court, you can't raise it in the court of appeals if I'm answering the court's question. But the fact is that subject matter — No, not really. I'm referring to — I'm referring to — just a minute, let me find my notes. I'm talking about courts of appeals that have — not ours, because we don't have any authority on the point — that have held that where a plaintiff brings a claim for non-monetary damages against the United States, it need not satisfy the requirements of 704. Well, that is what the Eighth, Ninth, and Tenth Circuit, I believe, has held. And what I'm asking, is there authority to the contrary? I think the only authority to — And how would you deal with that? I don't believe there is any authority to the contrary, Your Honor. There is one case that I think you sat on where Judge Batchelder ruled that agency action was required in order to bring a constitutional challenge. But I think the body of law is that it supports our position, the Gandhi decision. So do you think we were wrong in that case? I'm sorry? No, actually, you concurred, but not in that part of the decision, Your Honor. I don't think I looked at that connection with this, and I draw out a blank about it. What's the name of that case? That, Your Honor — Are you sure you're not thinking about — well, I don't want to — I'm thinking of the ACLU versus the NSA case, I believe. Oh, the warrantless wiretapping case. Oh, okay. But we believe that the 704 — The case that I was remembering that dealt with some of these issues is one in which I was confident Judge Moore wrote the majority opinion. So I was off in some other world. We don't believe that there is any substantial case law — I'm not aware of any — that supports the concept that a constitutional violation should be subjected to a 704 analysis. These are absolute rights, the core of our democracy. And the 704 analysis is like the local 6389, where there was a labor agency conduct, not a constitutional violation. I'm sorry. Back to the warrantless wiretapping case. Judge Batchelder's view would not have been the majority view in that case, because I concurred, but if you're correct, not in that part. Judge Gilman dissented, so she's a single judge on that point. I think that's the only judge that I'm aware of that has ever opined that, other than Judge Zuhari, apparently. And you're right, he didn't actually opine that. He just sort of skipped the analysis, which we believe was error and ought to result in a remand. And he also skipped a complete analysis of our organizational plaintiffs, which is — there's just no discussion of that whatsoever. And the organizational plaintiffs alone deserves to have this matter remanded for a determination as to whether or not their claims should proceed. And their claims are significantly different in regard to standing and other aspects than the individual plaintiffs. Did you ever clearly frame the issue before the district court, as you just stated it? That is, that since Section 702 has this broad waiver of immunity, you don't even need to engage in the Section 704 analysis? No. No, we did not as clearly as we should have. But we did raise it, as I said. We said any action at page 8 of our brief. And I think we have to acknowledge that the dismissal here was on subject matter jurisdiction. And you cannot waive subject matter jurisdiction. Right. I mean, it didn't matter who brought it up when. That's right. That's the elementary principle of law. The court has an obligation to determine it. And the case the government relies on, which is Local 6 — I'm sorry, 3689, is not a constitutional issue. And it was not a subject matter jurisdiction. It was a pure issue of whether or not the issue was raised in the lower court concerning labor law issues. Highly different than — Of course, for purposes of subject matter jurisdiction, it doesn't matter whether they're constitutional issues or not. The court always has to determine whether it has subject matter jurisdiction, no matter what kind of issue is raised. That's absolutely correct, and it cannot be waived. And it can be examined at any level of the court's — at any level of the appellate review process. We also believe that even if you apply Section 704, that it clearly — we do not have adequate remedies of law and are entitled to injunctive relief. It's important to note also that there was no substantive review of our claim. So this was strictly a procedural dismissal. The Supreme Court made it very clear in the city of Riverside that Bivens compensation is simply not an adequate remedy where constitutional rights cannot be valued solely in monetary terms. The district court also found that a federal tort claims act was an adequate remedy. And we disagree wholeheartedly. A federal tort claims act claim is completely reliant upon state court tort law. Constitutional rights do not depend upon the vagaries of state-to-state tort law. Thirdly, the trial court under 704 found that the attorney general — the United States attorney general's ability to enforce constitutional issues and violations of the Bill of Rights is an adequate remedy. That, of course, leaves the Constitution to one branch of the administrative government to enforce, and that's not intended. And by his own mission statement, which is on the Department of Justice's webpage, he does not have authority to review federal authorities, and that's what this case is now about since we've settled with the local defendants in the case. But you are — at this point, you're seeking non-monetary relief. Yes. We are seeking non-monetary relief. And if I can review that with the court, I think it's pretty clear that the relief that we're seeking is something that money simply won't compensate for. Number one and foremost, we have in the record — and I have to be careful here because the government has asked it to be sealed — the government, the Border Patrol agents, showing an absolute cultural trait within the organization to use what is clearly a racial slur. There was a U.S. congressman recently — What's the basis for sealing the record? I'm sorry, Your Honor. The basis for sealing the record. The government requested it on the basis that there was an agreed-to confidentiality agreement in order, and we actually filed, I believe, our brief without sealing or some documents without sealing in the district court in order to be sealed at that level. I believe it's still discretionary with this court as to whether or not that request for seal — Well, you know, some judges sort of sign off on whatever the parties agree to with respect to sealing documents, but that's really not a preferred practice because things that should be public should be public, and there shouldn't be a — I mean, I can't think of why those would be sealed other than saving the government from embarrassment if they do indeed show what you said. And I don't know that it's up for us to unseal documents that the district court has sealed, but I don't know why saving the government from embarrassment would be an appropriate basis for sealing a document. I would agree with you wholeheartedly, Your Honor. Well, you agreed to it, apparently. I agreed to a confidentiality agreement prior to seeing some of the documents that were involved, and we did protest that issue, but we agreed — These are the documents of a government for, you know, most people, which are — There is a — Not always. Your Honor, Judge Welles has given me a lecture several times about agreeing too soon to a confidentiality agreement. Well, I mean, these could be — maybe they're investigative, law enforcement investigative in nature, and that might be a basis, but anyway, I'm off the topic. Well, we wholeheartedly agree with you, but those terms being used and admitted to in the depositions shows a culture that has to be changed. Monetary damages can't change that culture. It's got to be a top-down change, and injective relief is the only way to do that. We also put in evidence of — statistical evidence that this has to be a complete change, and I've run out of time, and I will save the rest of my time for rebuttal unless there's questions from the court. Okay. Silvis. Good morning. My name is William Silvis on behalf of the United States and also the Department of Homeland Security and the individually named Border Patrol agents in their official capacities, and with me today is Tahani Afani. She's agency counsel for Customs and Border Protection. She's joining me here today. This is a case about judicial limits on judicial review of the federal government's law enforcement practices. It's also about the limits on the type of relief that this court could grant for the alleged injuries in this case. But I'd also like to talk about — this is also a case about people. The five plaintiffs that are left in this case, of those people, four of them, there's no real dispute in this case that they were here, they were unlawfully present in the United States. Now, no one's called them criminals. No one has said that, you know, that these are bad people, but they were here unlawfully present. Let's talk about jurisdiction. Sure. So is there jurisdiction under 702? There would be jurisdiction under 702, Your Honor. I think the error here and the error that they've asserted against the district court is that the district court decided on a basis that the district court, you know, adopted the theory of the waiver of sovereign immunity that they pled. I mean, to put it another way is it's the plaintiff's burden to establish a waiver of sovereign immunity, and they chose to do so under the APA. But if you look at the complaint, the operative complaint in this case, which is a Second Amendment complaint, there's a jurisdiction and venue section there. There's no mention of the waiver of sovereign immunity or even the APA itself. Then when you go through the complaint and then you go to the causes of action, the only place there that the APA is mentioned is in conjunction with the Fourth Amendment and the Fifth Amendment and another statute, and then it just mentions 702. So from the operative complaint in this case, Your Honor, there's just no indication of how they intend to proceed other than 702. Now, 702 alone doesn't . . . And the decision does not seem to have been based on a pleading fact. Well, Your Honor, when the government moved for summary judgment at that point and said that . . . as we understood the complaint because it was not clear what the waiver was, when the government moved for summary judgment, we analyzed it under an agency review because that clearly . . . that seemed to be what they were presenting as we moved through this case. And tellingly on the opposition to our motion for summary judgment is where the plaintiffs in their brief said, this is a case under agency review. You know, had they said, no, no, no, under . . . I believe it's the city of Detroit or the Gandhi case that Mr. Murray mentioned. Had they said, look, end of story, 702 and 1331, you know, 28 U.S.C. 1331, this is a case arising under the laws of the United States, end of story. There's no need to go into agency review. I think the district court would have proceeded perhaps under an entirely different theory. Well, that might offer an explanation of how the district court came to make an error. But given the fact that it's a jurisdictional issue and given the fact that . . . I mean, it's pretty clear from the face of the complaint what the violations being alleged are. And I gather your point, it's not entirely clear what the vehicle was for the assertion of the constitutional claims. That's true, Your Honor. I would submit beyond just the complaint, we're talking about the actual pleadings, the response of the actual motions. I'm sorry. I thought you were talking about the inadequacy of the pleadings of the complaint. I was, Your Honor, and I apologize for jumping in early. But when it came to the point where we're moving for, to dismiss this case based on the fact that there's a lack of subject matter jurisdiction, that's the opportunity the plaintiffs had to raise these issues and say, no, the issue is much broader. We're moving under 702. Well, 702 is mentioned under the various constitutional claims for relief. Right. But what's significant is not just that it's 702, because 702 applies to review of agency action. That in and of itself is not what they needed to say or telegraph to the court if they were going to proceed under 702 and then just general federal question jurisdiction under 28 U.S.C. 1331 and cited the cases that say, you know, that alone is enough of a waiver of sovereign immunity. We can move forward. But instead what they did in opposition to this motion to dismiss it says, hey, this is clearly a case of agency review under the APA. And they can hardly fault the district court for taking them at their word and analyzing the case as an APA review case. I'd like to suggest if the court . . . If it's not . . . based on the . . . if this court permits the argument that they now make, the district court was incorrect, right? Correct. Okay. Correct. I just . . . So the only way . . . Excuse me. Go ahead. The way for you to win on that point is to sort of succeed in this little box you have set up because it can't . . . You can't characterize it really as they're waiving a jurisdictional issue because the court always has to determine subject matter jurisdiction. You've got to succeed in characterizing it as a pleading failure that's not jurisdictional. I would agree with that, Your Honor. But I think what happened here is slightly different. It's their burden to establish what the waiver of sovereign immunity is. When this issue was presented and right for the district court, they told them that this was their theory. So it's beyond pleading. It's this is our avenue to court. The district court accepted that and applied the analysis that they argued in opposition to the summary judgment. So now, after losing on that theory . . . It's not a jurisdictional . . . This is exactly a form of review. APA review is different than review under 28 U.S.C. 1331. This is the avenue they chose. They lost on appeal. They say, hey, wait a second. Here's our opportunity. And the case we cite in support, Local 386, it was similar in the sense that the party there . . . I mean, the result was the same, a lack of subject matter jurisdiction. But, you know, they looked for relief under the Energy Act and then failing to do so there. They said, hey, wait. But there's also always the ability under the APA to assert jurisdiction for non-monetary claims. And, you know, this court said, you know, absent extraordinary circumstances, we're not going to entertain that argument. And I'd ask the court to do the same thing here. And which case was that? It's Local 368, oil . . . Okay. All right. Are you saying there was no final agency action? Specifically, I would say for the organizational plaintiffs, that's certainly true, that there's no final agency action there. For the organizational plaintiffs, you know, they can be present based on . . . The judge didn't address that. Let's talk about the individual. I'm sorry, for the individuals? Yeah. We submit for the purpose . . . for the two individuals who were removed and are currently in Mexico, that was the end of their immigration proceedings. I would say that that's a final agency action, at least to the two individuals removed to Mexico for being unlawfully present. For the individuals who are, you know, still present here in immigration proceedings, you know, the arrest is sort of the first step of the removal proceeding. So, certainly some consequences flow from the arrest that they're challenging here. But, you know, that whole proceeding, they haven't completed their immigration proceedings. There might be final agency action as to some defendants, but not others. Is that possible? I mean, the Border Patrol isn't going to have any further role in their cases. Right. Well, I would say, sure, the Border Patrol, but the allegations here are against not just the Border Patrol, but the United States writ large. But, I mean, defendants can be viewed differently depending on what the facts are as to each defendant. Right. Well, the final, the first step, the arrests here are the first step in immigration proceedings and the whole immigration scheme that we have here. So, to the extent that that procedure is not over, I would say it's not yet final. Well, all this sort of goes to the standing issue, too, doesn't it? That's correct, Your Honor. I'd like to raise that. Which was not really determined by the district court. No, the court found that that was unnecessary based on the determination of the APA. But I do think it's right for this court to review based on the record to date. I mean, this isn't a case where we initially moved for these grounds within the first, I think, six or seven months of the case being filed, maybe before. And because there were Bivens claims at that point, and other claims, and there was a qualified immunity issue with the plaintiff's suit in their individual capacities, the court declined to entertain our jurisdictional arguments at that point. But now they've had an opportunity to take discovery, and we think that at this point, I think it's ripe to show that they still haven't been able to demonstrate that they are entitled to the extraordinary remedy of injunctive relief against the Border Patrol. Well, that normally happens in the district court. And why is there no jurisdiction under 704? Under 704, going back to the district court's decision, the district court found, as we know, that there was an adequate remedy for Bivens and FTCA. And I think if you look at the relief that they're requesting in this case, I think that is correct. I mean, if you were to say that the primary relief that they're seeking is a declaratory judgment that the actions here were unlawful, and the other part that they're seeking is an injunction against profiling activities. Now, if you get a successful judgment in a Bivens case that a stop was unlawful or that you were racially profiled, that's essentially the same relief that you would get, a determination by the court of unlawful constitutional violation. There's no indication that that wouldn't be an adequate remedy for that part. So haven't the courts dismissed Bivens cases in favor of APA cases? That would occur. In this case, I don't know if that would be a successful argument. It has occurred in certain cases. I don't know that it's occurred when you're challenging racial profiling or when you're challenging a stop, you know, based on lack of probable cause or reasonable suspicion. I mean, generally when those cases, I think that it's found that we shouldn't imply a Bivens remedy, there's a remedial scheme sort of in place to challenge that exact type, and I think that that doesn't exist in this case with those types of actions, constitutionally. It seems like what's really being sought here is quite different from the monetary damages that would be obtained through a Bivens action. Well, we could talk about the injunction as well. If you're saying, if the plaintiffs are saying, well, we need an injunction against this unlawful activity. I mean, it's already illegal. I mean, the Fourth Amendment jurisprudence, it's already clear that you can't make stops without reasonable suspicion. You can't arrest without probable cause. It's also clear with racial profiling. It's already against Border Patrol, United States government policy to racially profile. So to the extent that an injunction would stop an activity that the Border Patrol vehemently denies, it's anti-policy and, you know, say that they are not involved in. I mean, at that point for an injunction, essentially to obey these laws that the officers are sworn to uphold in the first place, I don't know if it's really a feasible remedy in this case. Aren't there cases where you have repeated unconstitutional practices and the remedy is for the court to step in and outline what can and cannot be done? I mean, there are almost always, it seems to me, building on Judge White's point. I mean, when injunctive relief is issued in most cases, it's because there's been a finding of a violation of a law. I mean, the law clearly hasn't served its purpose if it's found that injunctive relief is warranted based on some underlying violation of the law. So it doesn't become foolish just to tell people to go out and comply with the law. I mean, what do you think all the injunctive relief and employment discrimination cases amounts to? I mean, you know. Another issue, 702. What about all that case law saying that these plaintiffs wouldn't have to comply with the requirements of 704? I might have, I may. I think this is an issue, Your Honor, of how it was presented to a district court. If you're going to find error in a district court's ruling, that a theory presented, a theory for judicial review presented to the district court, that somehow by following the theory that the defendants presented, that somehow a district court error to buy into that theory and say, okay, but you don't have . . . Had they brought it under a different, just 702, 1331, and made that clear to the district court, I think I'd be standing and making very different arguments here today, or perhaps it would have been a different result. But I just noticed that I only have a few more seconds, so unless there's any questions . . . Well, on that issue, let me make sure I understand your position then. Because you concede that Section 702 provided subject matter jurisdiction here, we don't have to address that question. The only question in that respect is whether or not they failed to present the argument to the district court and somehow waived it. If we find that they did not, do you acknowledge that a remand is appropriate here? Yeah. Just to clarify that, with 702, that it's not so much it provides jurisdiction. It's the waiver of sovereign immunity in this case. Had they said that subject matter jurisdiction is appropriate under 1331 and were preceding agency review, it's very . . . But you concede that Section 702 provides a broad waiver of sovereign immunity that would apply to these claims. It's a little premature to say at this point, only because they'd never provided the analysis under 1331. Presumably, they're seeking, you know, relief for constitutional violations. And the monetary limit, I think, is no longer part of the statute. I think that's essentially true, Your Honor. But, so under the waiver of sovereign immunity, for the basis of the district court finding, that's correct. But in terms of standing, I think that decision is right for this court to review at this point. Even though the district court didn't meet that, I mean, this court always has the obligation to determine subject matter jurisdiction. And standing is, you know, an important part of that. And I'll leave that to the briefs, seeing that I'm out of time. But I think that we've presented . . . that the plaintiffs have shown . . . failed to show that they have standing in Article III injury to proceed, especially for the extraordinary remedy of injunctive relief. Okay. Mr. Murray, you'll have your rebuttal time. Thank you, Your Honor. I think, to help try to clear up some of the confusion on the procedural issues, the complaint is the beginning of the process. We don't have any obligation to state the government's defenses of government immunity in our complaint. That's the affirmative defense. Government properly raised in a motion to dismiss the government immunity, and we chose Section 702 as a path. Well, one second. What was the asserted basis for jurisdiction in the complaint? Well, the original complaint had a lot of various issues, but it was of constitutional violations by the Border Patrol. Federal question.  Yes, thank you, Your Honor. And to clear up something Mr. Silva said, that the allegations are against the United States. Well, they are against the United States, but if you look at the complaint, the complaint is directed at the Border Patrol. And the issue of final agency action is clearly directed at the Border Patrol. So the ICE allegations, what happens is when the sanction occurs, the detention occurs, our clients are detained, interrogated. That's the final agency action is the detention by Border Patrol. They are then turned over to ICE. So anything that proceeds thereafter is not the subject of this complaint and not the subject of the issues in this case. And as far as standing is concerned, the organizational plaintiffs were never reviewed. And under Havens and Rosia, one of our plaintiffs is a member of the International Workers Project. And under the Havens decision and under the Abigail decision, there is standing on that basis alone. And this is a case about people, but it's also a case about the organizations that are there to protect people. And the IWP and FLOC deserves their day in court to have a determination whether or not their mission was interfered with. And that analysis was simply never done. And we believe on that basis alone a remand is appropriate to the trial court. And just in terms of the presentation of the argument that 702 waives immunity in the federal question jurisdiction, that was or was not presented in some fashion in response to the motion to dismiss? It was presented at page 7, 8, 9, and I believe 12 and 13. And particularly at page 8, we said any action of an agency. And this is key because the executive branch can only act through an agency or agent, and therefore a constitutional violation can only occur through an act of an agent or agency. And we allege that. We said any action that constitutes a sanction is actionable. And we believe that you're correct, Judge Greer, that we could have been clearer, but I don't think we need to be. It's not a waivable argument. It's subject matter jurisdiction. Thank you. All right. We appreciate the argument both of you have given, and we'll consider the case carefully.